**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4831**

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

GEORGE CARTER,

                                        Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  W. Craig Broadwater,
District Judge.  (3:05-cr-00068-WCB)

Submitted:  July 31, 2007          Decided:  August 17, 2007

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia,
for Appellant.  Paul Thomas Camilletti, OFFICE OF THE UNITED STATES
ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Carter appeals from his conviction and fifty-seven month sentence after pleading guilty to conspiracy to use a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 371 (2000). On appeal, Carter's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues on appeal, but asking the court to review the adequacy of the Fed. R. Crim. P. 11 hearing, the district court's refusal to grant Carter a downward adjustment based on his minor role in the conspiracy, and the reasonableness of the sentence. Carter has also filed a pro se supplemental brief, in which he makes a series of claims regarding ineffective assistance of counsel, government misconduct, and the sufficiency of his Rule 11 hearing. Because our review of the record discloses no reversible error, we affirm.

Carter's first issue on appeal is whether the district court failed to comply with the requirements of Fed. R. Crim. P. 11 in conducting his guilty plea hearing. Because Carter did not move in the district court to withdraw his guilty plea, any challenges to the Rule 11 hearing are reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002).

After a thorough review of the record, we find that there were no errors with respect to the Rule 11 plea colloquy. During the plea hearing, the district court properly informed Carter of

the rights that he was forfeiting as a result of his plea and the nature of the charges and penalties that he faced, determined the voluntariness of his guilty plea, and disclosed the terms of the plea agreement on the record. The district court also received testimony from Special Agent Doug Dean, who stated that Carter's role in the conspiracy was that of an intermediary between the seller of the AK-47 and the purchaser. Based on Agent Dean's testimony, the district court determined that there was a sufficient factual basis for the plea. Accordingly, the record establishes that Carter knowingly and voluntarily entered into his guilty plea with a full understanding of the consequences, that there was a sufficient factual basis for the plea, and that there was no error in the district court's acceptance of Carter's plea.[*]

Carter next raises whether the district court's denial of his request for a minor role downward adjustment was proper. We

[*]In his pro se supplemental brief, Carter claims that he did not understand the nature of the 18 U.S.C. § 924(c) (2000) charge brought against him and that there was not a sufficient factual basis to support his plea on this charge. However, Carter was never charged with a violation of § 924(c); rather, he was charged with conspiracy to commit a violation of § 924(c). During the Rule 11 hearing, the district court detailed the elements necessary to prove a conspiracy under 18 U.S.C. § 371, and also noted that the object of the conspiracy was to violate § 924(c). Carter subsequently stated, under oath, that he understood the nature of the conspiracy charge. That statement is accorded a strong presumption of truth. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Moreover, the district court was not required to find that the object of the conspiracy was achieved, only that Carter and the co-conspirators agreed to achieve it and committed an overt act in furtherance of the plan. See United States v. Tucker, 376 F.3d 236, 238 (4th Cir. 2004).

review this claim for clear error. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989). A defendant who is only a "minor participant" in a criminal activity may have his offense level reduced by two levels. U.S. Sentencing Guidelines Manual (USSG) § 3B1.2(b) (2005). This applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2(b), comment. (n.5).

The district court denied the request for a minor role adjustment on the grounds that Carter was a "key participant" in the conspiracy and that it would not have occurred without his involvement. Based on Agent Dean's testimony and the findings in the presentence report, we conclude that the district court correctly determined that Carter was not a minor participant. Carter served as the necessary middleman in this transaction, as he sought out the eventual purchaser and received compensation for his involvement in the exchange. Therefore, the district court correctly determined that Carter's conduct failed to warrant a minor role sentencing reduction.

Carter also questions whether the sentence imposed by the district court was reasonable. After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In a post-Booker sentencing such as the one at issue, the district court must

calculate the appropriate guidelines range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and impose a sentence. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). A post-Booker sentence must be "within the statutorily prescribed range and . . . reasonable." Hughes, 401 F.3d at 546-47 (citations omitted). "[A] sentence within the properly calculated guidelines range . . . is presumptively reasonable." Green, 436 F.3d at 457 (internal quotation marks and citation omitted); see Rita v. United States, 127 S. Ct. 2456 (2007).

In this case, Carter faced a maximum sentence of five years' incarceration. Based on an offense level of 17 and a criminal history category of VI, the district court calculated the sentencing guidelines range to be 51 to 60 months. Carter's sentence of 57 months' incarceration was within the guidelines range and below the statutory maximum; therefore, Carter's sentence is presumptively reasonable. The district court determined that Carter's involvement in the instant offense was of a "very serious nature," and, after taking the § 3553(a) factors into account, sentenced Carter in the middle of the guidelines range. Based on the district court's correct calculation of the guidelines range and its consideration of the § 3553(a) factors, we find that the sentence imposed by the court was reasonable.

In his pro se supplemental brief, Carter makes various claims regarding the effectiveness of his trial counsel. However, a claim of ineffective assistance of counsel should be raised in a 28 U.S.C. § 2255 (2000) motion with the district court rather than on direct appeal, unless the record conclusively demonstrates ineffective assistance. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (internal citations and quotations omitted). Such a claim cannot be fairly adjudicated on direct appeal where the appellant has not raised the issue before the district court and there is no statement from counsel on the record. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Because there is no evidence on the record to support Carter's ineffective assistance allegations, Carter's claims should be raised as part of a § 2255 motion rather than on direct appeal.

Carter also makes various charges of prosecutorial misconduct, claiming that the Government lied to the court about its knowledge of the case, withheld exculpatory evidence and favorable testimony from numerous witnesses, and was biased and vindictive in its investigation and prosecution. However, Carter provides no evidence or elaboration to support these conclusory charges, nor does he give any explanation as to the nature of the allegedly exculpatory testimony and evidence. See United States v. Ellis, 121 F.3d 908, 915 (4th Cir. 1997) (defendant must

demonstrate that undisclosed evidence was material and would have been favorable to his defense).

Finally, Carter contends that the district court violated his equal protection rights by failing to carry out its ministerial duties, erred in accepting his guilty plea before determining whether the § 924(c) violation was actually completed, and erroneously denied his request for an evidentiary hearing.  As detailed previously, Carter was never charged with a violation of § 924(c); rather, the references to § 924(c) in the indictment and his hearings related to the object of the conspiracy rather than a separate offense.  As for the district court's denial of his request for an evidentiary hearing, Carter alleges that this "prevented an appropriate preparation for a trial."  However, Carter fails to explain why the district court erred in denying his request or how the court's ruling prejudiced the preparation of his defense.  Carter similarly alleges that the district court failed to carry out its "ministerial duties," but again fails to provide any further explanation to support his claim.  Finally, Carter's guilty plea forecloses any attack on antecedent, non-jurisdictional errors.  Tollett v. Henderson, 411 U.S. 258, 267 (1973). Therefore, we find Carter's claims to be meritless.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal.  We therefore affirm Carter's conviction and sentence.  We deny counsel's motion

to withdraw at this juncture.  This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>