**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4561**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

GEORGE CARTER,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:05-cr-00068-JPB-DJJ-5)

_____

Submitted:  February 28, 2012        Decided:  March 2, 2012

_____

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Martin P. Sheehan, SHEEHAN & NUGENT, P.L.L.C., Wheeling, West
Virginia, for Appellant.   William J. Ihlenfeld, II, United
States Attorney, Paul T. Camilletti, Assistant United States
Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Carter appeals an order revoking supervised release and the resulting twenty-four-month sentence imposed by the district court. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious issues for appeal, but questioning whether: (1) Carter can challenge the reasonableness of his original sentence as part of this appeal; (2) Carter can challenge the twenty-four-month supervised release sentence on the ground that when it is coupled with his original sentence of fifty-seven months in prison it exceeds the sixty-month statutory maximum for his 18 U.S.C. § 371 (2006) offense; (3) Carter is entitled to relief based on the district court's failure to advise him during the Fed. R. Crim. P. 11 colloquy that he could ultimately be required to serve more than sixty months in prison if he violated the conditions of his supervised release; (4) Carter was denied access to conflict-free counsel during the original and revocation proceedings; and (5) the district court abused its discretion in sentencing Carter to twenty-four months' imprisonment. The Government filed a responsive brief, arguing that Carter is not entitled to relief on any of the grounds alleged. Carter has filed three pro se supplemental briefs, arguing that his original conviction

2

is invalid and that the district court erred in denying him bond before his revocation sentencing.

First, we conclude that Carter cannot attack the reasonableness of his original sentence in this appeal. Under the law of the case doctrine, once an appellate court "decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (internal quotation marks omitted). Because we expressly found on direct appeal that Carter's sentence was reasonable and that the district court complied with Rule 11 requirements, Carter's attempt to relitigate his original sentence is not reviewable in this appeal. United States v. Carter, 237 F. App'x 888 (4th Cir. 2007) (No. 06-4831); see also United States v. Warren, 335 F.3d 76, 78 (2d Cir. 2003) (collecting cases holding that validity of underlying conviction may not be attacked in supervised release revocation proceeding).

Next, we conclude that Carter's revocation sentence cannot be attacked on the ground that when it is coupled with his original fifty-seven-month sentence the appropriate period of incarceration he must serve exceeds the sixty-month maximum authorized for his original count of conviction, 18 U.S.C. § 371. The district court had authority, however, to impose a sixty-month term of imprisonment under 18 U.S.C. § 371, plus a

3

three-year term of supervised release that included the possibility of additional imprisonment of up to two years if Carter violated the conditions of his supervised release. 18 U.S.C. § 3583(b)(2), (e)(3) (2006); United States v. McIntosh, 630 F.3d 699, 702 (7th Cir.), cert. denied, 131 S. Ct. 2128 (2011). Accordingly, Carter is not entitled to relief on this ground.

We find unreviewable Carter's claim that he was denied access to conflict-free counsel during the original criminal proceedings. As previously noted, Carter cannot challenge the validity of his underlying conviction in this proceeding. Warren, 335 F.3d at 78-79. We likewise decline to review on direct appeal Carter's claim that he received ineffective assistance during the revocation proceeding. Ineffective assistance of counsel claims are not reviewable on direct appeal unless counsel's deficient performance is conclusively established by the record; rather, such claims should be raised under 28 U.S.C.A. § 2255 (West Supp. 2011). United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

We also conclude that the claims raised in Carter's pro se supplemental briefs are without merit.

We next review Carter's revocation sentence under a plainly unreasonable standard of review. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In determining

4

whether a sentence is plainly unreasonable, we must first consider whether the sentence imposed is unreasonable, following "the procedural and substantive considerations that we employ in our review of original sentences." Id. Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007). A sentence is plainly unreasonable if it runs afoul of clearly settled law. United States v. Thompson, 595 F.3d 544, 548 (4th Cir. 2010).

Under the procedural considerations applicable to revocation sentences, it is clearly settled that a district court must sufficiently explain the reasons for the chosen sentence so that this court may effectively review it. Moulden, 478 F.3d at 657. "This requirement applies regardless of whether the district court imposes an above, below, or within-Guidelines sentence." Thompson, 595 F.3d at 547 (internal quotation marks and alteration omitted).

To preserve a claim of procedural sentencing error for plainly unreasonable appellate review, "a defendant need only ask for a sentence outside the range calculated by the court prior to sentencing." Id. at 546. If a district court commits a procedural sentencing error that is plainly unreasonable, i.e., plainly in contravention of circuit authority, we will grant relief unless we can conclude that the error was harmless.

5

<u>Id.</u> at 548. The party defending the ruling below bears the burden of showing that the error was harmless. <u>United States v. Lynn</u>, 592 F.3d 572, 585 (4th Cir. 2010).

Having conducted an <u>Anders</u> review of Carter's sentence, we concluded that the district court did not adequately explain its reasons for imposing the twenty-four-month revocation sentence, and that Carter preserved this claim for appellate review. We requested supplemental briefing from the parties on whether the district court's failure to explain its reasons for the twenty-four-month revocation sentence was harmless error. Carter's counsel filed a supplemental brief, arguing that the error was not harmless. The Government, conceding the error and making no effort to show that the error is harmless, filed a motion to remand for resentencing.

We cannot assume that the district court's sentence would not be affected by its explicit consideration of Carter's arguments in his and counsel's presence and a requirement that it explain the rationale underpinning its sentencing determination in open court. <u>See</u> <u>Lynn</u>, 592 F.3d at 585. Accordingly, while we affirm the district court's revocation of

Carter's supervised release, we vacate the sentence and remand for resentencing.[*]

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and found no other meritorious issues. This court requires that counsel inform Carter in writing of his right to petition the Supreme Court of the United States for further review. If Carter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carter.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

[*] Having found the district court's revocation sentence to be procedurally flawed, we have not considered its substantive reasonableness. See <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009) ("If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence."). Accordingly, this disposition should not be construed as indicating any view by this court as to whether a twenty-four-month revocation sentence is or is not plainly unreasonable.

7