Vacated by Supreme Court, October 4, 2010

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4482**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK LAMONT SUMMERS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Martin K. Reidinger, District Judge. (3:03-cr-00040-MR-2)

Submitted: January 14, 2010          Decided: January 20, 2010

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Beth Blackwood, Research and Writing Attorney, Charlotte, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Summers appeals the district court's revocation of his supervised release term imposed by the district court upon his conviction, on a guilty plea, to use and carry of a firearm in furtherance of a car-jacking, in violation of 18 U.S.C. § 924(c) (2006).[1] The revocation occurred following Summers' arrest, less than six weeks after the commencement of his term of supervised release, for possession of marijuana with intent to distribute, possession of a firearm by a convicted felon, possession of a stolen firearm, and unlawfully carrying a concealed weapon. Following a hearing, the district court found five violations of the terms of Summers' supervised release, and found that the first violation, Summers' possession with intent to distribute marijuana ("Violation One"), was a Grade A violation pursuant to U.S. Sentencing Guidelines Manual ("USSG"), § 7B1.1(a)(1),[2] contrary to Summers' claim that it was a Grade B violation. The district court then imposed a 30-month

---

[1] The district court sentenced Summers to seven years' imprisonment and three years' supervised release.

[2] In the supervised release revocation context, a Grade A violation results from "conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a controlled substance offense." USSG § 7B1.1(a)(1).

term of imprisonment, followed by a 30-month term of supervised release.

On appeal, Summers again claims that Violation One was a Grade B violation because, under North Carolina's unique sentencing scheme, which determines statutory maximum punishment based on a defendant's criminal history, a person with Summers' criminal history could not have been sentenced to more than 10 months' imprisonment for this offense. We find this claim to be foreclosed by circuit precedent. The district court correctly determined that Summers' possession with intent to distribute marijuana is a Grade A violation because the maximum aggravated sentence that could be imposed for this crime under North Carolina's structured sentencing system is 15 months. See United States v. Harp, 406 F.3d 242, 245-46 (4th Cir. 2005) (declining to apply an "individualized analysis" and holding that the court properly should consider "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history") (citing United States v. Jones, 195 F.3d 205 (4th Cir. 1999)). Nor do we find merit to Summers' contention that the United States Supreme Court's decision in United States v. Rodriquez, 553 U.S. 377 (2008), implicitly overrules the reasoning in Harp such that it is no longer controlling. See, e.g., United States v. Hill, 539 F.3d 1213, 1221 (10th Cir. 2008) (holding that "Section 922(g)(1),

3

like the statute [at issue] in Rodriquez, demands that courts focus on the maximum statutory penalty for the offense, not the individual defendant"); cf. United States v. Pruitt, 545 F.3d 416, 422 (6th Cir. 2008).

Finally, we decline Summers' invitation to revisit our holding in United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006), as to the standard of review for supervised release revocation sentences. See United States v. Chong, 285 F.3d 343, 346-47 (4th Cir. 2002). Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED