**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4482**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

DERRICK LAMONT SUMMERS,

            Defendant – Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 09-10329)

Submitted:  September 8, 2011      Decided:  September 13, 2011

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Counsel
of Record, Beth Blackwood, Research and Writing Attorney,
FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte,
North Carolina, for Appellant.  Edward R. Ryan, Acting United
States Attorney, Mark A. Jones, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2004, Derrick Lamont Summers pled guilty to possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (2006), and was sentenced to seven years in prison with three years' supervised release. Summers' supervised release was revoked shortly after he was released from prison, and the district court sentenced him to thirty months in prison, to be followed by thirty months of supervised release.

Summers timely appealed, asserting that under United States v. Rodriquez, 553 U.S. 377, 389 (2008) (cautioning that when a judgment of conviction, charging document or plea colloquy "do[es] not show that the defendant faced the possibility of a recidivist enhancement," the government might be precluded from establishing that the conviction is a qualifying offense triggering application of the sentencing enhancement), the district court erred when it classified one of his supervised release violations as a Grade A violation and, thus, erred in calculating his sentencing range. According to Summers, since the maximum prison term he faced for the North Carolina offense underlying the violation was ten months, the offense was not "punishable by a term of imprisonment exceeding one year." See U.S. Sentencing Guidelines Manual § 7B1.1(a)(A)(1)(ii) (2008).

2

We affirmed the district court's judgment, rejecting Summers' argument as contrary to United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (holding that in order to "determine whether a conviction is for a crime punishable by a prison term exceeding one year, . . . [the court] consider[s] the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history"), and rejecting Summers' argument that Rodriquez implicitly overruled Harp. See United States v. Summers, 361 F. App'x 539, 541 (4th Cir. 2010) (No. 09-4482) (unpublished). Summers filed a petition for writ of certiorari with the Supreme Court, and the Supreme Court vacated this court's judgment affirming the criminal judgment and remanded the case to this court for further consideration in light of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). We vacate Summers' sentence and remand the matter to the district court for resentencing.

This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437, 439–40 (4th Cir. 2006). We first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences . . . with some necessary modifications to take into account the unique nature

3

of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 552 U.S. 38, 51 (2007)], whether a sentence is 'unreasonable.'"). Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Crudup, 461 F.3d at 439; see Finley, 531 F.3d at 294. A sentence is "plainly unreasonable" if it "run[s] afoul of clearly settled law." United States v. Thompson, 595 F.3d 544, 548 (4th Cir. 2010).

We conclude that the district court procedurally erred when it sentenced Summers. We recently held in United States v. Simmons, ___ F.3d ___, 2011 WL 3607266, *3 (4th Cir. Aug. 17, 2011), that a North Carolina offense may not be classified as a felony based upon the maximum aggravated sentence that could be imposed upon a repeat offender if the individual defendant was not eligible for such a sentence. Thus, if Summers could not have received a sentence greater than ten months for the North Carolina crime underlying the challenged violation, the district court procedurally erred when it calculated Summers' sentencing range and his sentence is, thus, procedurally unreasonable.

Because Summers objected to his sentencing range calculation in the district court, we must proceed to determine

4

whether his sentence is "plainly" unreasonable. See Thompson, 595 F.3d at 546. The analysis of "plainly" in "plainly unreasonable" is the same as that of "plain" in "plain error." Id. at 547-48. "An error is plain 'where the law at the time of trial was settled and clearly contrary to the law at the time of appeal.'" United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (quoting Johnson v. United States, 520 U.S. 461, 468 (1997)); accord United States v. David, 83 F.3d 638, 645 (4th Cir. 1996) (holding that an error is plain when "an objection at trial would have been indefensible because of existing law, but a supervening decision prior to appeal reverses that well-settled law"). When Summers challenged his sentence in the district court, his challenge was clearly foreclosed by our decision in Harp. Because we recognized in Simmons that Harp is no longer good law under Carachuri-Rosendo, however, the district court's sentencing error was "plain."

Finally, we find that the district court's error was not harmless. For a procedural sentencing error to be harmless, the Government must prove that the error did not have a "substantial and injurious effect or influence on the result." United States v. Lynn, 592 F.3d 572, 585 (4th Cir. 2010) (internal quotation marks omitted). Because Summers could have received a lesser sentence if the district court accepted his argument regarding Violation One, the Government cannot

5

establish harmlessness. <u>See</u> <u>Thompson</u>, 595 F.3d at 548 (finding that Government could not establish harmlessness because had the district court explicitly considered defendant's nonfrivolous arguments for leniency, "it could conceivably have given him a lower sentence").

Based on the foregoing, we vacate the district court's judgment and remand the matter to the district court for resentencing.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[*] We of course do not fault the Government or the district court for their reliance upon, and application of, unambiguous circuit authority at the time of Summers' sentencing.

6