OPINION
DuBOIS, District Judge.
Defendant-Appellant Fabian Metoyer appeals from the Judgment of the United States District Court for the District of New Jersey, which revoked his previously imposed term of supervised release for violations of the conditions of his supervised release and sentenced him to twenty-one months imprisonment to be followed by a fifteen-month term of supervised release. For the reasons that follow, we conclude that the District Court did not abuse its sentencing discretion and will affirm the District Court Judgment.
I.
Because we write primarily for the benefit of the parties, we will only summarize those facts which are relevant to our brief discussion.
Metoyer’s underlying conviction is based on his July 16, 1996 guilty plea to one count of conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846, an offense with a 20-year statutory maximum. On November 7, 1996, the Honorable Garrett E. Brown sentenced Metoyer to 151 months imprisonment and 3 years supervised release.[1] Metoyer served approximately 11 years in prison and was released on June 4, 2007.
On September 2, 2008, Metoyer appeared before the District Court and pled guilty to four violations of supervised release: (1) commission of another federal, state, or local crime — theft of services and fraud; (2) commission of another federal, state, or local crime — possession of drug paraphernalia, failure to make proper disposal of drugs, and wandering; (3) failure to submit to random drug screenings on nine occasions between November 7, 2007 and March 5, 2008; and (4) failure to notify the probation department within 72 hours of the termination of his employment on February 1, 2008.
The first of these violations was a Grade B violation which carried a guideline range of 21 to 27 months imprisonment in Metoyer’s criminal history category of VI. U.S.S.G. §§ 7Bl.l(a), 7B1.4(a) (2007). The remaining three violations were Grade C violations, with a guideline range of 8 to 14 months in criminal history category VI. Id. The statutory maximum term of imprisonment for Metoyer’s violations was 24 months pursuant to 18 U.S.C. § 3583(e)(3). Metoyer was also subject to an additional term of supervised release. 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(C).
At the September 2, 2008 hearing, defense counsel sought a below-guidelines sentence in the range of 12 to 18 months and argued against the imposition of any *811 additional term of supervised release on the ground that Metoyer had not proven himself amenable to the conditions of supervised release. The government requested the statutory maximum sentence — 24 months incarceration. The District Court sentenced Metoyer to 21 months incarceration — 3 months above the high end of defendant’s suggested sentencing range and 3 months below the government’s requested sentence. The District Court also imposed a 15-month term of supervised release.
On appeal, Metoyer argues that the District Court failed to appropriately consider the 18 U.S.C. § 3553(a) sentencing factors, focusing on Metoyer’s prior and present criminal conduct and failing to consider mitigating factors, such as Me-toyer’s strong relationship with his family, his efforts to sustain employment, and his lifelong drug addiction, particularly its relationship to his offenses. Metoyer also argues that the District Court’s decision to impose an additional term of supervised release was unreasonable in light of the evidence presented at the revocation hearing which demonstrated that “Metoyer was difficult to supervise and that imposing a new term of supervised release was both excessively punitive and futile.” (Appellant’s Br. 18.)
II.
The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the reasonableness of sentencing determinations for abuse of discretion. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).
Under this standard of review, the appellate court must ensure that the district judge gave “meaningful consideration” to the relevant sentencing factors in 18 U.S.C. § 3553(a). United States v. Bun-gar, 478 F.3d 540, 543 (3d Cir.2007); see also 18 U.S.C. § 3583(e) (listing relevant § 3553(a) factors for purposes of modifying or revoking a defendant’s supervised release). District courts are not, however, required to discuss each factor explicitly or make findings as to each factor as long as the record reflects that the district court took the factors into account at sentencing. United States v. Lessner, 498 F.3d 185, 203 (3d Cir.2007); Bungar, 478 F.3d at 543. Further, a sentencing court’s “failure to give mitigating factors the weight a defendant contends they deserve [does not render a] sentence unreasonable.” Bungar, 478 F.3d at 546.
The record reflects that the District Court provided a brief, but adequate, discussion of the issues presented at sentencing and its reasons for imposing the instant sentence. This discussion included consideration of the nature and circumstances of the original offense and the violations (§ 3553(a)(1)), Metoyer’s history and characteristics (§ 3553(a)(1)), the need to deter further criminal conduct and/or violations (§ 3553(a)(2)(B)), and the need to protect the public from additional crimes (§ 3553(a)(2)(C)). In light of these considerations and the arguments presented by defense counsel with regard to mitigating factors, the court decided to impose a sentence at the low end of the guidelines range for the Grade B violation, and not below it. In our judgment, the District Court meaningfully considered the § 3553(a) factors and did not abuse its discretion in applying and weighing those factors.
Contrary to defense counsel’s assertions, the District Court did consider Metoyer’s arguments against imposing an additional term of supervised release following incarceration. Specifically, the District Court stated: “I heard what [defense counsel] said about [Metoyer’s] lack of amenability *812 to supervised release. I don’t think that’s a reason to not put him on supervised release. It’s ... time to put him on supervised release and make sure that he succeeds before he gets arrested for something else.” (App.43.) That the District Court disagreed with Metoyer’s position is no basis for reversal.
III.
For all of the foregoing reasons, we conclude that the District Court’s sentence was both procedurally and substantively reasonable. Thus, we will affirm the District Court Judgment.

. Although Metoyer played a lesser role in the underlying narcotics conspiracy, he had a criminal histoiy category of VI (based on five previous convictions — four drug convictions and one conviction for simple assault) and was determined to be a career offender (based on two of his previous drug convictions). These factors determined Metoyer's sentencing range for the underlying conviction — 151 to 188 months after an offense-level reduction of three points for acceptance of responsibility-