**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4940**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH L. CONYERS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, District Judge. (3:06-cr-00321-MBS-4)

Submitted: February 17, 2012          Decided: March 13, 2012

Before KING, GREGORY, and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After revoking Keith L. Conyers' supervised release for the third time in approximately four years, the district court ordered Conyers to serve a fourteen-month term of incarceration to be followed by a three-year term of supervised release. In his appeal of that judgment, Conyers does not challenge the revocation of his supervised release or the reasonableness of the term of imprisonment he received. Instead, Conyers' sole appellate argument is that the district court abused its discretion in imposing an additional term of supervised release. We reject this argument as without merit. However, because the fourteen-month term of supervised release conflicts with our decision in United States v. Maxwell, 285 F.3d 336, 341 (4th Cir. 2002), we vacate that portion of the judgment order and remand this case for the imposition of a term of supervised release that conforms with Maxwell.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release, United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010), and we will affirm a revocation sentence if it is within the governing statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In reviewing a revocation sentence, this court takes a more deferential posture regarding the issues of fact and the exercise of discretion than

it does when reviewing the reasonableness of a post-conviction sentence. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we conclude the sentence is unreasonable must we decide "whether it is 'plainly' so." Id. at 657.

Conyers asserts that his proven inability to conform to and abide by the terms of supervision demonstrates that supervision is ineffective. Thus, Conyers argues, ordering another term of supervised release was an abuse of discretion, because it is illogical and wasteful of limited judicial and probationary resources. Conyers' argument, however, misapprehends the governing standard. As we have explained, "[a] district court abuses its discretion if it fails adequately to take into account judicially recognized factors constraining its exercise, or if it bases its exercise of discretion on an erroneous factual or legal premise." DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008) (internal quotation marks omitted). In reviewing a district court's decision for an abuse of discretion, this court does not consider "whether we would have come to the same conclusion as the district court if we were examining the matter *de novo*." Morris v. Wachovia Sec. Inc., 448 F.3d 268, 277 (4th Cir. 2006). Instead, we will discern an abuse of discretion if, after reviewing the record and reasoning of the district court, we are left with "a definite and firm conviction that the court below committed a

3

clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (internal quotation marks and citation omitted).

Given this deferential standard, we readily conclude that the district court did not abuse its discretion in imposing an additional term of supervised release. The governing statute specifically authorizes the district court to impose an additional term of supervised release on an offender who has violated his present term of supervised release. See 18 U.S.C. § 3583(h) (2006). Further, that this was Conyers' third supervised release revocation proceeding demonstrates Conyers' unwillingness to abide by the terms of his supervised release, which in itself justifies the court's decision to impose another term of supervision. Accord United States v. Metoyer, 341 F. App'x 809, 811-12 (3d Cir. 2009) (unpublished after argument) (upholding district court's decision to impose a subsequent term of supervised release despite offender's "lack of amenability to supervised release" (internal quotation marks omitted)). Indeed, accepting Conyers' argument to the contrary would serve only to reward Conyers' non-compliance, a result we cannot sanction.

We next consider the duration of the term of supervised release the district court imposed. "The length of such a term of supervised release shall not exceed the term of

4

supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). Conyers' underlying offense conduct was a Class B felony. See 18 U.S.C. §§ 1344, 3559(a)(2) (2006). Thus, pursuant to 18 U.S.C. § 3583(b)(1) (2006), the maximum term of supervised release Conyers could have received was sixty months.

It is well settled that "the plain meaning of the phrase 'less any term of imprisonment that was imposed upon revocation of supervised release' in § 3583(h) is that the prison term in the current revocation sentence, together with all prison time imposed under any prior revocation sentence or sentences, must be aggregated." Maxwell, 285 F.3d at 341. In the aggregate, Conyers' three revocation sentences total thirty-six months' imprisonment. Accordingly, the maximum term of supervised release the court could have imposed for the instant violation was twenty-four months. See 18 U.S.C. § 3583(h). We thus conclude the district court erred in ordering Conyers to serve an additional thirty-six-month term of supervised release upon his release from incarceration.[*]

---

[*] Although Conyers did not raise this argument on appeal, we have elected to exercise our discretion to correct this error in light of the strong societal interest in ensuring that criminal (Continued)

For these reasons, we affirm the district court's judgment in part, but we vacate the term of supervised release and remand this case to the district court for the imposition of a term of supervised release that conforms with <u>Maxwell</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

defendants are not subjected to greater punishment than is statutorily authorized. <u>See, e.g.</u>, <u>Wash. Gas Light Co. v. Va. Elec. & Power Co.</u>, 438 F.2d 248, 250-51 (4th Cir. 1971) (explaining that, "if deemed necessary to reach the correct result, an appellate court may *sua sponte* consider points not presented to the district court and not even raised on appeal by any party").