**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4505**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

KENNETH WAYNE TOLBERT,

             Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (1:04-cr-00059-LHT-DLH-1)

Submitted:  March 16, 2010          Decided:  April 12, 2010

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, FEDERAL
DEFENDERS OF WESTERN NORTH CAROLINA, INC., Steven Slawinski,
Assistant Federal Defender, Erin K. Taylor, Research and Writing
Attorney, Charlotte, North Carolina, for Appellant. Edward R.
Ryan, United States Attorney, Charlotte, North Carolina; Amy E.
Ray, Assistant United States Attorney, Asheville, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Wayne Tolbert appeals the district court's judgment revoking his supervised release and sentencing him to eighteen months' imprisonment. On appeal, Tolbert alleges that the district court erred in allowing him to proceed pro se and that his sentence is plainly unreasonable. For the following reasons, we affirm the district court's decision to revoke Tolbert's supervised release, but vacate Tolbert's sentence and remand for a new sentencing hearing.

"A defendant's supervised release cannot be revoked without a full hearing unless the defendant knowingly and voluntarily admits to the allegations against [him] and waives [his] rights under Rule 32.1 of the Federal Rules of Criminal Procedure." United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005). The right to counsel at a revocation hearing is established by Rule 32.1(b)(2)(D). Waiver of the rights provided in Rule 32.1 must be knowing and voluntary, as assessed under the totality of the circumstances. Id.; see also United States v. Hodges, 460 F.3d 646, 651 (5th Cir. 2006) (holding that a waiver of counsel in revocation proceedings "must be knowing and voluntary as demonstrated either through a colloquy with the district court, or by the totality of circumstances, or both."). After a thorough review of the record, we find that the totality of the circumstances indicate that Tolbert's waiver

of his right to counsel and his decision to proceed pro se were knowing and voluntary. Id.

We find merit, however, in Tolbert's challenge to his sentence. This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). When reviewing whether a revocation sentence is plainly unreasonable, we must first look to whether it is unreasonable. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007); Crudup, 461 F.3d at 438.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 439. Because the district court here did not state that it considered the Guidelines' policy statements, and did not even discuss, calculate, or adopt the probation officer's actual advisory Guidelines range, we find that Tolbert's sentence is procedurally unreasonable.

Having found the sentence unreasonable, we must next assess whether the sentence is "plainly unreasonable." To decide whether a sentence is plainly unreasonable, we look to

3

the definition of "plain" as used in plain-error analysis. Crudup, 461 F.3d at 439. A plainly unreasonable sentence runs afoul of clearly established law. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

Because Tolbert did not preserve this claim for appellate review, we review for plain error. Fed. R. Crim. P. 52(b); United States v. Branch, 537 F.3d 328, 343 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009). To receive relief under the plain error standard of review, Tolbert must show (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). As stated above, we recognize a sentencing error and find it to be plainly unreasonable because it runs afoul of clearly established law. See Crudup, 461 F.3d at 439. Because the sentence imposed by the district court was double the maximum of the advisory Guideline range as calculated by the probation officer, we find that the error affects Tolbert's substantial rights. And we choose to exercise our "remedial discretion," Olano, 507 U.S. at 736, because the district court's failure to calculate and consider the Chapter Seven advisory sentencing range affected the fairness of the proceeding.

Accordingly, although we affirm the district court's decision revoking Tolbert's supervised release, we vacate his

4

sentence for a procedural sentencing error and remand for resentencing. By this disposition, we indicate no view as to the appropriate sentence to be imposed by the district court on remand. We emphasize in this regard that we have not evaluated the substantive reasonableness of the sentence imposed by the district court; we have concluded only that the sentencing procedure followed by the district court was in error. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
