**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4644**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

DAVID NATHANIEL JOHNSON, SR.,

              Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.   Norman K. Moon, District Judge.  (3:03-cr-00089-nkm-1)

Submitted:  March 29, 2010                Decided:  June 2, 2010

Before GREGORY and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Joel C. Hoppe, Assistant Federal Public Defender, Charlottesville, Virginia, for Appellant.   Timothy J. Heaphy, United States Attorney, Ronald M. Huber, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Nathaniel Johnson, Sr., appeals the district court's order revoking his supervised release and sentencing him to twenty-one months in prison. Johnson argues that: (i) the district court erred when it determined that his drug possession violation constituted a Grade B violation, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 7B1.1(a)(2) (2008), because there allegedly was only a "dearth of evidence" that he possessed drugs in Virginia; and (ii) his twenty-one-month sentence is plainly unreasonable because the district court failed to address his attorney's argument in mitigation, and failed to provide an individualized rationale for the sentence it imposed. Although we defer to the district court's determination that Johnson committed a Grade B violation, we nonetheless vacate and remand to the district court for resentencing.

Where, as here, a defendant first presents his assignments of error to the district court or argues for a sentence below the advisory policy statement sentencing range calculated by the district court, we review a sentence imposed after revocation of supervised release to determine whether it is "plainly unreasonable." See United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010); United States v. Crudup, 461 F.3d 433, 437-40 (4th Cir. 2006). The first step in this analysis is

2

to determine whether the sentence was unreasonable. <u>Crudup</u>, 461 F.3d at 438. In conducting this review, the court follows generally the procedural and substantive considerations employed in reviewing original sentences. <u>Id.</u> at 438-39; <u>see</u> <u>United States v. Finley</u>, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in <u>Gall</u> [v. <u>United States</u>, 552 U.S. 38, 51 (2007)], whether a sentence is 'unreasonable.'").

The district court commits procedural error by improperly calculating the advisory policy statement sentencing range. <u>Gall</u>, 552 U.S. at 51. In assessing whether the district court properly applied the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. <u>United States v. Osborne</u>, 514 F.3d 377, 387 (4th Cir. 2008). For mixed questions of law and fact, we apply a due deference standard in reviewing the district court. <u>Id.</u>

"Regardless of whether the district court imposes an above, below, or within-Guidelines sentence[,]" procedural error also occurs when the district court fails to adequately explain the chosen sentence with an "individualized assessment." <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). "A court need not be as detailed or

3

specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal citation and quotation marks omitted). "If, and only if, [the court] find[s] the sentence procedurally reasonable can [it] consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Carter, 564 F.3d at 328 (internal quotation marks and citations omitted). Only if a sentence is found procedurally or substantively unreasonable will this court "decide whether the sentence is plainly unreasonable." Crudup, 461 F.3d at 439; see Finley, 531 F.3d at 294.

We defer to the district court's determination that Johnson remained within Virginia's borders during his supervised release and that when he possessed narcotics, he did so in Virginia. One of the conditions of Johnson's supervised release was that he not leave Virginia without the court's or probation officer's permission, and it was uncontested that Johnson engaged in nearly daily narcotics use in April and May 2009, and tested positive for cocaine in Virginia on three separate occasions. We find this circumstantial evidence sufficient to establish that Johnson possessed cocaine within Virginia's borders during his supervised release and, thus, his violation was properly classified as a Grade B violation. See USSG

4

§ 7B1.1(a)(2) (2008); see also Va. Code Ann. §§ 18.2-10(e); 18.2-250; 54.1-3448(1) (2009).

We nonetheless vacate Johnson's sentence because we find that the district court did not provide a sufficient explanation for its sentence to allow for meaningful appellate review. Although Johnson argued for a sentence below his advisory policy statement sentencing range, the district court failed to respond to Johnson's arguments and provided no statement of reasons for the sentence imposed other than stating that it imposed the twenty-one-month sentence "[p]ursuant to the factors in 3553(a) and considering the Sentencing Guidelines." "[A] district court may not simply impose sentence without giving *any* indication of its reasons for doing so." Thompson, 595 F.3d at 547. Accordingly, we find that the district court's sentence is procedurally unreasonable.[*]

Having determined that the district court's failure to explain its chosen sentence was unreasonable, we next determine

---

[*] Although the district court did indicate before Johnson allocuted that it found Johnson had "illegally possessed a controlled substance more than one time and that he, by his own admission, was transferring drugs during this period of Supervised Release," the district court appears to have made this statement to explain why it believed Johnson possessed cocaine during his supervised release and why it adopted the Violation Report's advisory policy statement sentencing range. Thus, we may not assume that this statement was meant to justify the particular sentence the district court chose to impose.

whether it was plainly so.  Crudup, 461 F.3d at 439.  As we have recently recognized, a district court's obligation to provide some basis for appellate review when imposing a revocation sentence has been settled in this circuit for some time and, thus, "the district court's failure to provide any reasons for its sentence contravened clear circuit precedent and [is], therefore, plainly unreasonable."  Thompson, 595 F.3d at 548. Because the Government does not assert that the district court's error was harmless, this court may not presume that it is so. Id.

Accordingly, although we find no error in the district court's advisory policy statement sentencing range calculation, we vacate Johnson's sentence and remand to the district court for further proceedings consistent with this opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED