**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4699**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

JAMES DONOVAN FORD,

           Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:00-cr-00061-GCM-1)

Submitted: May 24, 2010         Decided: June 24, 2010

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ross H. Richardson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Edward R. Ryan, United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Donovan Ford appeals from the twenty-four month sentence imposed following the revocation of his supervised release. Finding Ford's sentence procedurally plainly unreasonable, we vacate and remand for resentencing.

The following colloquy occurred at sentencing immediately after the court found by a preponderance of the evidence that Ford had violated his supervised release:

> THE COURT: Revocation table provides for a guideline of 33 to 41 months. However, the guideline range exceeds the statutory authorized term and becomes 24 months' incarceration. And that's what the court orders.
>
> MS. MARROQUIN [Defense counsel]: Your Honor, with all due respect, we would just like to make some additional argument as to sentencing if this court would allow it.
>
> THE COURT: I don't think so. I think he's got 33 to 41 months under the guideline. Twenty-four months is all, that's authorized. Under the circumstances I think that's pretty light.
>
> MS. MARROQUIN: Your Honor, just for purposes of the record, we would just object that we believe that the sentence was procedurally and substantively unreasonable. Thank you.
>
> THE COURT: Very well.
>
> MS. ESCARAVAGE [Assistant United States Attorney]: Your Honor, I do think the defendant does have a right to allocute. If we could just have that on the record.

2

THE COURT: If he wants anything to say, he may say so.

Ford then addressed the court, stating that he had continually worked since being released from prison. He asserted that he had already spent time in a halfway house for his cocaine and marijuana use and that the remaining violations were based on lies that he had not been permitted to rebut. The court then stated, "Okay. I see no reason to change what I have announced as the proposed sentence of 24 months' incarceration and revocation."

We review a sentence imposed as a result of a supervised release violation to determine whether the sentence is plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The first step in this analysis is a determination of whether the sentence is unreasonable. Id. at 438. This court, in determining reasonableness, follows generally the procedural and substantive considerations employed in reviewing original sentences. Id. However, "[t]his initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 438). If a sentence imposed after a revocation is not unreasonable, this court will not proceed to the second prong of the analysis --

3

whether the sentence was plainly unreasonable.  Crudup, 461 F.3d at 439.

When imposing a sentence, a district court must conduct an "individualized assessment" of the particular facts of the case, whether the court imposes a sentence above, below, or within the guidelines range.  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).  While "[t]his individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review."  Id. (internal quotation marks and citation omitted).  In addition, "[w]here [the parties] present[] nonfrivolous reasons for imposing a . . . sentence [outside the advisory guidelines range,] . . . a district judge should address the party's arguments and explain why he has rejected those arguments."  Id. at 328 (internal quotation marks and citation omitted).  An appellate court may not guess at a district court's sentencing rationale.  Id. at 329-30; see also United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (applying Carter to revocation hearings, but noting that "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence . . . .").

Here, the court did not permit Ford's counsel to speak regarding an appropriate sentence, even after she lodged an

4

objection. Further, although the court permitted Ford to allocute, it did not address the arguments he raised, specifically his work history and his prior punishment for some of the charged violations. Moreover, the court did not provide an explanation for its sentence, aside from stating that it calculated the Guidelines range and found it lenient. Because the district court has provided no basis on which to review its reasoning on appeal and because the court failed to even permit counsel to be heard, we conclude that Ford's sentence is procedurally unreasonable. See United States v. Gutierrez, 555 F.3d 105, 110 (2d Cir.) (recognizing that defendants have the "right to have an attorney address the sentencing court on [their] behalf"), cert. denied, 129 S. Ct. 2024 (2009).

Having found the sentence unreasonable, we now proceed to determine whether the sentence is plainly unreasonable. To be plainly unreasonable, a sentence must "run afoul of clearly settled law." Thompson, 595 F.3d at 548. In Thompson, we noted that "the district court's obligation to provide some basis for appellate review when imposing a revocation sentence . . . has been settled since at least [2007]." Id. Thus, we held that "the district court's failure to provide any reasons for its sentence contravened clear circuit precedent and was, therefore, plainly unreasonable." Id. Applying Thompson's reasoning, we conclude that Ford's sentence is plainly unreasonable.

5

Accordingly, we vacate Ford's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED