**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4352**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL RUMBO-BUSTOS, a/k/a Miguel Bustos,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:06-cr-00076-BR-1)

Submitted:  August 13, 2010          Decided:  August 25, 2010

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Rumbo-Bustos appeals from his twenty-four month sentence imposed pursuant to the revocation of his supervised release. On appeal, Rumbo-Bustos asserts that his sentence was procedurally unreasonable because the district court failed to consider the Guidelines range and statutory sentencing factors and failed to provide sufficient explanation for the chosen sentence. We vacate Rumbo-Bustos's sentence and remand for further proceedings.

We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). We first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that . . . [are] employ[ed] in . . . [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. A sentence imposed upon revocation of supervised release is plainly unreasonable if the district court fails to provide adequate explanation for the chosen sentence, in "contraven[tion of] clear circuit precedent." United States v. Thompson, 595 F.3d 544, 548 (4th Cir. 2010).

A supervised release revocation sentence is procedurally reasonable if the district court considered the

Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider in a supervised release revocation case. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 440. In evaluating the sentencing court's explanation of a selected sentence, the district court "must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50 (2007). While the individualized assessment of each defendant need not be elaborate or lengthy, it must provide a rationale tailored to the particular case at hand and be adequate to permit appellate review. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Thus, a recitation of the § 3553 factors and purposes is insufficient. Likewise, a conclusory statement that a specific sentence is the proper one does not satisfy the district court's responsibilities. Id. at 328-29. In addition, we cannot presume that the district court adopted the arguments of one of the parties while imposing sentence; an appellate court may not guess at the district court's rationale. Id.

Here, while the district court stated that it considered the Guidelines' policy statements, the court did not discuss, calculate, or adopt the probation officer's actual advisory Guidelines range. Nor did the court state that it considered the § 3553 statutory sentencing factors. Moreover, the court did not address Rumbo-Bustos's arguments in favor of a

3

shorter/concurrent sentence, i.e. his mental disability, the circumstances surrounding his attempted illegal reentry into this country, his lack of ties to Mexico, and his work history. Likewise, the district court did not discuss the Government's arguments for a consecutive sentence based upon Rumbo-Bustos's criminal history and repeated deportations. Instead, the court stated only that it was "revealing" that Rumbo-Bustos did not foresee the consequences of violating his supervised release and that, while there is a lot of poverty in Mexico, "the law is the law." Neither of these arguments was proffered by either party. Further, the court did not explain whether Rumbo-Bustos's failure to foresee the consequences of his actions weighed in his favor or against him. Finally, while "the law is the law," the law also provided for a shorter or concurrent sentence at the court's discretion. The court gave no indication why it decided to exercise its discretion as it did, and any attempt to extrapolate as to the court's intention would be guesswork.

Based on the foregoing, we vacate Rumbo-Bustos's sentence and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4