**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5331**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TYRONE TOSSIE, a/k/a Popeye,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:95-cr-00039-BO-9)

Submitted: July 29, 2011           Decided: August 12, 2011

Before MOTZ, KING, and DAVIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Tossie appeals the district court's order revoking his supervised release and imposing a twelve-month term of imprisonment. He argues that the district court plainly erred in failing to explain its sentence. For the reasons that follow, we vacate the sentence and remand for further proceedings.

This court reviews a sentence imposed upon revocation of a defendant's supervised release to determine whether the sentence is "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In determining whether a revocation sentence is "plainly unreasonable," this Court must first determine whether the sentence is procedurally or substantively unreasonable. Id. at 438. Although a sentencing court must consider the Chapter Seven policy statements and the relevant 18 U.S.C. § 3553(a) (2006) factors in fashioning its sentence, the sentencing court retains broad discretion to revoke a defendant's supervised release and impose a term of imprisonment up to the statutory maximum. Id. at 439. Because Tossie did not request a lesser sentence, he must show that any error was plain and affected his substantial rights. United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010).

Although the discretion afforded district courts is such that this court "may be hard-pressed to find any

2

explanation for within-range, revocation sentences insufficient . . . a district court may not simply impose sentence without giving any indication of its reasons for doing so." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Here, the district court failed to offer any explanation at all for imposing a twelve-month sentence. We have held that this constitutes plain error. Thompson, 595 F.3d at 548. Additionally, the record does not include any calculation of the applicable advisory Guidelines range, which prevents our review of whether the error affected Tossie's substantial rights. Accordingly, we vacate Tossie's sentence and remand for resentencing in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED