**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 11-4626**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIAM MICHAEL BROOKS,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:04-cr-00003-MR-1)

───────────────

Submitted: March 19, 2012        Decided: March 30, 2012

───────────────

Before NIEMEYER, KING, and AGEE, Circuit Judges.

───────────────

Vacated and remanded by unpublished per curiam opinion.

───────────────

Denzil H. Forrester, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard L. Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Michael Brooks was found guilty of eight violations of the conditions of supervised release. He appeals the district court's revocation of his term of supervised release and its imposition of a sentence of seven months' imprisonment, followed by three years of supervised release and fifty hours of community service.

Counsel for Brooks submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but positing that Brooks should not have received a sentence of imprisonment. Brooks was notified of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a response. This court ordered the parties to submit supplement briefs addressing the district court's imposition of community service in lieu of reimbursement of fees for court-appointed counsel in the supervised release revocation proceeding. Counsel for Brooks suggests that the imposition of community service is unreasonable because Brooks is physically unable to comply. The Government contends that the order is reasonable because the district court had authority to impose a community service requirement as a condition of supervised release.

In reviewing a sentence imposed upon revocation of supervised release, this court "takes a more deferential

2

appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010).

This court first determines whether the sentence is reasonable. A supervised release revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range and the § 3553(a) factors applicable to supervised release revocation. See Thompson, 595 F.3d at 547; 18 U.S.C. § 3583(e) (West 2000 & Supp. 2010). A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440.

If the sentence is found to be unreasonable, however, the court next determines whether it is plainly unreasonable. For a sentence to be plainly unreasonable, "it must run afoul of clearly settled law." Thompson, 595 F.3d at 548. After reviewing the record, we conclude that the imposition of a community service requirement in this case is plainly unreasonable. Accordingly, we vacate the judgment and remand for resentencing.

The district court imposed a sentence of seven months' imprisonment and a three-year term of supervised release. The court noted that Brooks still had an outstanding requirement to pay court-appointed attorney's fees from the original judgment. It accordingly imposed fifty hours of community service in lieu of reimbursement for court-appointed attorney's fees related to the revocation proceedings.

The district court was required to impose a term of imprisonment because Brooks failed to comply with required drug testing. 18 U.S.C. § 3583(g)(3). A review of the record confirms that the district court properly calculated and considered the Guidelines range and the § 3553(a) factors, and sufficiently explained its selected sentence. The sentence of seven months' imprisonment coupled with the subsequent term of three years' supervised release is therefore not unreasonable, let alone plainly so.

But the district court also imposed a requirement of fifty hours of community service as a substitute for the imposition of attorney's fees. This it had no discretion to do. Although Brooks agreed in his plea agreement to pay his court-appointed attorney's fees related to the original judgment, the plea agreement did not apply to the subsequent revocation proceedings. Brooks did not otherwise agree to pay attorney's fees related to the revocation proceedings and the record

4

indicates that Brooks is indigent. The district court thus could not have held Brooks accountable for attorney's fees related to the revocation proceedings.[1] Because the imposition of attorney's fees would have been impermissible, the court was therefore not entitled to substitute community service for such an order.[2]

We conclude that the district court's order of community service is plainly unreasonable. After a complete review of the record in accordance with Anders, we find no other meritorious issues. Accordingly, we vacate the district court's judgment and remand for resentencing. We deny Brooks's motion for appointment of new counsel. We further deny counsel's motions to withdraw and to expedite a decision.

This court requires that counsel inform Brooks, in writing, of the right to petition the Supreme Court of the

---

[1] Courts are authorized to require repayment of funds for appointed counsel upon a finding that "funds are available for payment from or on behalf of a person furnished representation." 18 U.S.C. § 3006A(f) (2006). The district court must first find, however, that identifiable assets are available to the defendant. United States v. Moore, 666 F.3d 313, 322 (4th Cir. 2012). The record here does not suggest that Brooks had funds available to pay counsel; in fact, it strongly suggests the opposite.

[2] Although the district court had authority to generally impose a condition of community service concurrent with the term of supervised release under U.S.S.G. § 5F1.3, it had no discretion to impose community service as a substitute for repayment of attorney's fees.

United States for further review.  If Brooks requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Brooks.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>