**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4440**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

BRIAN REDWINE,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (3:03-cr-00394-JRS-28)

_____

Submitted: November 8, 2012     Decided: November 15, 2012

_____

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Roderick C. Young, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2004, Brian Redwine pleaded guilty to conspiracy to possess with intent to distribute and distribute cocaine, in violation of 21 U.S.C. § 846 (2006), and the district court sentenced Redwine to 151 months of imprisonment followed by three years of supervised release. Based on the Government's motion for a sentence reduction for substantial assistance, and Redwine's 18 U.S.C. § 3582(c)(2) (2006) motion, the court subsequently reduced Redwine's sentence to sixty-five months of imprisonment. In 2009, Redwine pleaded guilty to violating the terms of his supervised release and the district court sentenced him to forty-eight months of imprisonment followed by twelve months of supervised release. In May 2012, Redwine again pleaded guilty to violating the terms of his supervised release and the district court sentenced Redwine to twelve months of imprisonment. Redwine now appeals, arguing that the second revocation sentence is plainly unreasonable.

This court reviews a sentence imposed as a result of a supervised release violation to determine whether the sentence is plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The first step in this analysis is a determination of whether the sentence is unreasonable. Id. at 438. This court, in determining reasonableness, follows generally the procedural and substantive considerations employed

2

in reviewing original sentences. Id. If a sentence imposed after a revocation is not unreasonable, we will not proceed to the second prong of the analysis—whether the sentence is plainly unreasonable. Crudup, 461 F.3d at 438-39.

In sentencing a defendant upon a finding of a supervised release violation, the district court must provide a statement of reasons for the sentence imposed; this statement, however, "need not be as detailed or specific" as that required for an original sentence. See United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (citation omitted). We review the adequacy of the district court's explanation for the sentence for abuse of discretion. See United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010). If the district court abused its discretion, we will "reverse unless we conclude that the error was harmless." Id. at 576. The government bears the burden of demonstrating that any error committed by the district court was harmless. Id. at 585.

We have thoroughly reviewed the record and conclude that the district court erred in sentencing Redwine. The court failed to provide any explanation for the sentence of the statutory maximum term and failed to acknowledge Redwine's non-frivolous arguments for leniency. We further conclude that the Government has failed to demonstrate that this error was harmless as the district court could have reasonably imposed a

3

lower sentence had it explicitly considered Redwine's sentencing arguments.  See Thompson, 595 F.3d at 548.  Therefore, we find that the sentence is procedurally plainly unreasonable.

Accordingly, we vacate the district court's judgment and remand for resentencing.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

VACATED AND REMANDED

---

[*] We emphasize that, by the disposition, we indicate no view as to the substantive reasonableness of the twelve—month sentence imposed by the district court.  Accordingly, on remand the district court is free to impose the same sentence or a different sentence, as it deems appropriate.

4