**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4122**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RICHARD PATRICK PATE,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:07-cr-00130-PMD-1)

_____

Submitted:  November 26, 2012       Decided:  January 7, 2013

_____

Before KING, WYNN, and DIAZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Cameron J. Blazer, Assistant Federal Public Defender,
Charleston, South Carolina, for Appellant.  William N. Nettles,
United States Attorney, Alston C. Badger, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Patrick Pate appeals the twenty-four-month term of imprisonment imposed after revocation of his supervised release. Pate argues that the sentence runs afoul of Tapia v. United States, 131 S. Ct. 2382 (2011). We agree. Accordingly, we vacate the judgment and remand for resentencing.

We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). "For a sentence to be plainly unreasonable, . . . it must run afoul of clearly settled law." Id. at 548.

In Tapia, the Supreme Court held that a district court could not impose or lengthen a term of imprisonment in order to promote an offender's rehabilitation. Tapia, 131 S. Ct. at 2392-93. We recently held that Tapia applies to revocation sentences. United States v. Bennett, __ F.3d __, __, 2012 WL 5265802, at *1-*3 (4th Cir. Oct. 25, 2012) (No. 11-4401).

Here, the applicable Guidelines range was three to nine months. U.S. Sentencing Guidelines Manual ("USSG") § 7B1.4(a), p.s. (2011). The district court advised Pate that "nine months in jail is [not] going to help you, but I'm going to give you two years in jail so that you can get the best drug treatment that we have available." (J.A. 30). The court then sentenced Pate to twenty-four months' imprisonment, the

2

statutory maximum provided in 18 U.S.C. § 3583(e)(3) (2006), which was fifteen months longer than the high end of the Guidelines range. Our review of the proceeding confirms that the district court selected its chosen sentence based on Pate's rehabilitative needs, a rationale expressly prohibited in Tapia and Bennett. Of course, we acknowledge that the district court did not have the benefit of our decision in Bennett when it sentenced Pate on the supervised release violations. Nevertheless, we find that Tapia alone constituted clearly settled law on this matter, as there was no reason to believe its holding would not apply in this context. We thus conclude that Pate's sentence is plainly unreasonable.

Accordingly, we vacate the judgment of the district court and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

3