**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4295**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

CASHMERE CAZEAU,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. James C. Fox, Senior District Judge. (4:10-cr-00101-F-1)

_____

Argued: March 22, 2013           Decided: March 27, 2013

_____

Before WILKINSON and DAVIS, Circuit Judges, and Jackson L. KISER, Senior United States District Judge for the Western District of Virginia, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ARGUED:** Bettina Kay Roberts, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cashmere Cazeau appeals his thirty-month sentence for violation of supervised release, a sentence significantly above the range prescribed by the applicable Guidelines Policy Statement. Cazeau principally argues that his sentence is plainly unreasonable because the district court stated, among its reasons for imposing the sentence, that the sentence would enable Cazeau to participate in the Bureau of Prisons' intensive drug treatment program. For the reasons that follow, we vacate the judgment and remand.

Cazeau was convicted in the Eastern District of Virginia on drug and firearm charges in 1994, as to which the district court imposed an aggregate sentence of 324 months in prison, comprised of concurrent 264-month terms on the drug counts and a consecutive 60 months on the firearm count, to be followed by 60 months of supervised release. Cazeau's sentence was subsequently reduced to 264 months when his firearm conviction was vacated. Later, it was further reduced to 211 months based on a retroactive amendment to the Sentencing Guidelines. Supervised release commenced on October 6, 2009, and supervision was transferred to the Eastern District of North Carolina in November 2010.

Shortly thereafter, Cazeau's probation officer filed reports notifying the district court that Cazeau had violated

3

terms of supervised release. Specifically, Cazeau violated the terms of his supervised release by using a controlled substance, as disclosed by five positive urinalysis tests for marijuana, and by failing to participate in a drug testing program.

At the ensuing supervised release revocation hearing, Cazeau admitted the violations. The court found that the violations had been established, revoked Cazeau's supervised release, and sentenced him to thirty months' imprisonment, well above the three-to-nine-months range recommended by the applicable Policy Statement. In explaining its decision, the district court began by stating that the sentence would enable Cazeau to participate in an intensive drug treatment program. Additionally, the court explained that such a sentence was justified because: (1) Cazeau's continued drug use and failure to participate in the testing program increased the risk that he would resume drug distribution activities and posed a threat to society; (2) his original sentence had already been reduced due to vacatur of his firearm conviction and a crack cocaine Guidelines amendment; (3) his criminal history did not fully reflect the seriousness of his prior criminal conduct; and (4) he exhibited disregard for the terms of supervised release from the beginning by changing his residence. This appeal followed.

A district court has broad discretion to impose a sentence upon revoking a defendant's term of supervised release. <u>United</u>

4

States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Thus, we will affirm a supervised release revocation sentence if it is within the governing statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In reviewing the sentence, "we follow generally the procedural and substantive considerations" used in reviewing original sentences. Id. at 438.

A revocation sentence is procedurally reasonable if the district court has considered the Policy Statements contained in Chapter Seven of the U.S. Sentencing Guidelines Manual and the applicable 18 U.S.C. § 3553(a) sentencing factors, id. at 440, and has adequately explained its sentence, though it need not explain the sentence in as much detail as when imposing an original sentence. Thompson, 595 F.3d at 547.

Cazeau did not argue in the district court that his need for drug treatment was an inappropriate ground for his revocation sentence. Therefore, we review his challenge for plain error. See United States v. Bennett, 698 F.3d 194, 200 (4th Cir. 2012), cert. denied, 2013 WL 359745 (U.S. March 4, 2013) (No. 12-8489). Thus, to obtain relief on the basis of plain error, Cazeau must show that (1) an error occurred; (2) it was plain; (3) it affected his substantial rights; and (4) a denial of relief would "result in a miscarriage of justice." Id. (citations omitted).

Applying the rule of Tapia v. United States, 131 S. Ct. 2382 (2011), we have held that a district court may not base a revocation sentence of incarceration upon a defendant's rehabilitative needs. Bennett, 698 F.3d at 197-98 ("We thus hold that Tapia applies to the revocation context too."). Thus, although Tapia was decided after the district court imposed a sentence in this case, Cazeau correctly contends that the district court erred by considering a prohibited factor in imposing the revocation sentence and that the error is plain. See Henderson v. United States, 133 S. Ct. 1121 (2013). The government appropriately concedes that there was error and that the error was plain, but argues that given the other factors to which the court alluded in explaining its sentence, we should decline to notice the error. We disagree and conclude that the record amply supports Cazeau's contention that his sentence of incarceration was likely increased on the basis of the district court's clearly-expressed belief that he could benefit from drug treatment while in prison. This rendered the district court's sentence procedurally erroneous and plainly unreasonable. The sentencing error here affected Cazeau's substantial rights and we are constrained to avoid the resulting injustice. Bennett, 698 F.3d at 200.

Accordingly, we vacate the judgment and remand for further proceedings consistent with this opinion. Because Cazeau is

6

nearing the end of a thirty-month sentence we conclude is plainly unreasonable, we direct the clerk to issue the mandate forthwith.*

VACATED AND REMANDED;
MANDATE TO ISSUE FORTHWITH

---

\* Cazeau also challenges his revocation sentence as infirm on the ground that the district court impermissibly took into account the fact that his original sentence had been reduced based on an amendment to the crack cocaine Sentencing Guidelines. In light of our holding on his principal issue, we need not address this claim.

7