**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-4449**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DANIEL BANKS,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:05-cr-00030-FPS-JSK-1)

─────────

Submitted:  September 10, 2013    Decided:  September 17, 2013

─────────

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

─────────

Vacated and remanded by unpublished per curiam opinion.

─────────

Michael F. Smith, Victoria S. Palmer, THE SMITH APPELLATE LAW FIRM, Washington, D.C., for Appellant.  William J. Ihlenfeld, II, United States Attorney, David J. Perri, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Banks appeals from the judgment of the district court revoking his term of supervised release and sentencing him to five months of imprisonment and nineteen months of supervised release. Because the district court plainly erred by failing to comply with Rule 32.1(b)(2)(C) of the Federal Rules of Criminal Procedure and United States v. Doswell, 670 F.3d 526 (4th Cir. 2012), when it admitted and relied on hearsay evidence at Banks' revocation hearing, we vacate and remand for further proceedings consistent with this opinion.

Banks was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a) (2006), and was sentenced in 2006 to ninety-two months' imprisonment and a two-year term of supervised release. Banks began serving his term of supervised release on May 16, 2012. In March 2013, Banks' probation officer filed a petition for a warrant and revocation against Banks, alleging that he had violated the terms of his supervised release by possessing cocaine and selling the drug on one occasion in November 2012 and on another occasion in December 2012 to a confidential informant working for the Martins Ferry, Ohio police department.

Banks' revocation hearing occurred in May and June 2013. Banks denied the violations alleged in the revocation petition, and a Martins Ferry police officer testified regarding

2

the drug purchases forming the basis of the petition. With respect to the November 2012 purchase, as the officer was about to testify that the informant told him the identity of the person from whom he purchased the drug, Banks lodged an objection. After ascertaining that the officer felt the informant's statement was reliable, the district court overruled the objection. The officer then testified that the informant stated he had purchased the drug from Banks. With respect to the December 2012 purchase, the officer testified that the informant stated he had purchased the drug from Banks. Banks objected, and, after ascertaining that the officer considered the informant reliable with respect to this transaction, the district court overruled the objection.

On cross-examination, the officer testified that the telephone calls made to the informant to set up the controlled purchases were not recorded, that no audio or video recordings of the purchases existed, that he did not observe the hand-to-hand exchanges of money for drugs and was not present in the vehicle where the exchanges took place, and that he relied on the informant's statements that he purchased the drug from Banks. The informant did not appear at the May 2013 hearing, and neither the officer nor counsel for the Government knew of his whereabouts. The revocation hearing resumed in June 2013. Based on the officer's hearing testimony, the district court

3

revoked Banks' supervised release and sentenced him to five months' imprisonment and nineteen months of supervised release.

On appeal, Banks argues that the district court improperly relied on evidence admitted in violation of Fed. R. Crim. P. 32.1(b)(2)(C) (providing that a releasee "is entitled to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear") and Doswell, 670 F.3d at 530-31 (holding that the rule requires a district court to balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying confrontation prior to admitting hearsay evidence in a revocation hearing and emphasizing that reliability is a "critical factor" in the balancing test) in revoking his supervised release. Specifically, Banks argues that the district court erred by failing to balance his interest in confronting the informant against the interest of justice and by not assessing the reliability of the informant's statements to the officer regarding the controlled purchases.

We ordinarily review a district court's decision to admit evidence for abuse of discretion, United States v. Medford, 661 F.3d 746, 751 (4th Cir. 2011), cert. denied, 132 S. Ct. 1729 (2012), and this standard also applies to the district court's admission of hearsay evidence under Rule

4

32.1(b)(2)(C).  Doswell, 670 F.3d at 529.  However, after review of the record and the parties' briefs, we agree with the Government that our review is for plain error only.  Although Banks objected to the admission of the informant's statements identifying him as the seller, his objections were not based on his inability to question the informant or the court's alleged failure to comply with Rule 32.1(b)(2)(C) or the Doswell decision.  As Banks' objections were not "sufficiently specific to bring into focus the precise nature" of the errors he alleges on appeal, id. at 530 (internal quotation marks omitted), our review is for plain error.  To prevail under this standard, Banks must show that an error was made, is plain, and affected his substantial rights.  Henderson v. United States, 133 S. Ct. 1121, 1126 (2013).  Moreover, the correction of plain error lies within our discretion, which we do not exercise unless the error "seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. at 1127 (internal quotation marks and alteration omitted).

"Supervised release revocation hearings are informal proceedings in which the rules of evidence, including those pertaining to hearsay, need not be strictly applied."  Doswell, 670 F.3d at 530.  However, due process affords a releasee a limited right "to confront and cross-examine adverse witnesses" at a revocation hearing "unless the hearing officer specifically

5

finds good cause for not allowing confrontation." Morrissey v. Brewer, 408 U.S. 471, 489 (1972). Prior to admitting hearsay evidence in a revocation hearing, "the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." Doswell, 670 F.3d at 530. Reliability of the hearsay evidence is a "critical factor" in this balancing test. Id. at 531. Further, the due process guarantee is embodied in the procedural rule that a releasee is "entitled to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C).

Here, the informant did not appear or testify at the revocation hearing. The Government neither put forward any explanation for the informant's failure to appear nor proffered its lack of knowledge of the informant's whereabouts as cause for denying Banks' right to confrontation, and there is no indication from the record that the district court balanced Banks' confrontation right against any good cause for denying confrontation. Further, the informant's statement was the sole evidence admitted at the revocation hearing connecting Banks to the violations alleged in the revocation petition. Although the district court ascertained the testifying officer's assessments of the reliability of the informant's statements, the court did

not adopt those assessments as its own or otherwise conduct on the record its own assessment of the reliability of the informant's statements. In admitting the informant's statements without a reliability assessment or any attempt to engage in the balancing required by Rule 32.1, the district court erred. Doswell, 670 F.3d at 531.

Turning to the next step of our analysis, we conclude that the error—which occurred in 2013, well over a year after the issuance of the opinion in Doswell—was plain. See United States v. Carthorne, ___ F.3d ___, No. 11-4870, 2013 WL 4056052, at *9 (4th Cir. Aug. 13, 2013) (noting that "[t]he term plain error is synonymous with clear or obvious error" and that an error qualifies as "plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred" (internal quotation marks omitted)). We further conclude that the error affected Banks' substantial rights because the district court's revocation decision was based on the determination that the cocaine sales alleged in the revocation petition had been established by the officer's testimony. See United States v. Greene, 704 F.3d 298, 312 (4th Cir. 2013) (noting that the phrase "affecting substantial rights in most cases means that the error was prejudicial" (internal quotation marks, alteration, and ellipsis omitted)), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Apr. 29, 2013) (No. 12-9965);

7

United States v. Basham, 561 F.3d 302, 334 (4th Cir. 2009) (recognizing that an error prejudices substantial rights when it affects the outcome of the hearing at issue).

Finally, we conclude that the district court's plain error is one we should notice because a failure to correct the error would seriously affect the integrity or public reputation of the judiciary. Viewing the record as a whole, the revocation proceedings did not result in a fair and reliable determination that Banks had violated the terms of his supervised release. Accordingly, we exercise our discretion to notice the error. Accord United States v. Cedelle, 89 F.3d 181, 185-86 (4th Cir. 1996) (stating that this court is to view a district court's plain error "against the entire record" in determining whether the circumstances present an appropriate occasion to notice the error and declining to correct the district court's plain error in failing to instruct the jury because review of the entire record revealed that the proceedings resulted in a fair and reliable determination of guilt (internal quotation marks omitted)).

We therefore vacate the district court's judgment revoking Banks' supervised release and remand this case to the district court for further proceedings. We deny Banks' motion to expedite decision and dispense with oral argument because the facts and legal contentions are adequately presented in the

8

materials before this court and argument would not aid the decisional process.

                                                    <u>VACATED AND REMANDED</u>