**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4366**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

HOLLIE LYNN CHAIMOWITZ,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.   (5:09-cr-00366-BO-1)

Submitted:  January 15, 2014          Decided:  February 5, 2014

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hollie Lynn Chaimowitz appeals the twenty-four month sentence imposed upon revocation of her term of supervised release. On appeal, Chaimowitz challenges the procedural and substantive reasonableness of her sentence. For the reasons that follow, we vacate the court's judgment and remand for resentencing.

In examining a sentence imposed upon revocation of supervised release, this court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quotation marks omitted). We will affirm a revocation sentence if it falls within the statutory range and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006) (quotation marks omitted). We must first determine whether the sentence is unreasonable, using the same general analysis employed in review of original sentences. Id. at 438. A revocation sentence is procedurally reasonable if the court has considered the policy statements contained in Chapter Seven of the Guidelines Manual and the applicable 18 U.S.C. § 3553(a) (2012) factors, Crudup, 461 F.3d at 440, and provides an adequate explanation for the sentence it imposes. United States v. Thompson, 595 F.3d 544, 547 (4th Cir.

2

2010). If the sentence is procedurally or substantively unreasonable, we will consider whether it is "plainly" so. Crudup, 461 F.3d at 439.

Chaimowitz first argues that court committed procedural sentencing error by refusing to provide her an opportunity to allocute. Because Chaimowitz did not raise this issue in the district court, we review it for plain error. United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). To establish plain error, Chaimowitz must demonstrate that (1) the district court erred, (2) the error was plain, and (3) the error affected her substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). A "plain error" is one that is "clear" or "obvious" under "the settled law of the Supreme Court or this circuit." United States v. Carthorne, 726 F.3d 503, 516 (4th Cir. 2013) (quotation marks omitted). Even if these requirements are met, we will exercise our discretion to correct the error "only if it would seriously affect the fairness, integrity or public reputation of judicial proceedings." Id. at 510 (quotation marks omitted).

A defendant at a supervised revocation proceeding is entitled to "an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2)(E). This right to allocution is not satisfied by "[m]erely affording the Defendant's counsel the opportunity to speak;" instead,

3

"[t]rial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." United States v. Cole, 27 F.3d 996, 998 (4th Cir. 1994) (quotation marks omitted). "As the Supreme Court has noted, '[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself.'" Muhammad, 478 F.3d at 249 (quoting Green v. United States, 365 U.S. 301, 304 (1961) (plurality opinion)).

Our review of the record demonstrates no reversible error on this basis. While we are troubled by the court's apparent hostility to the efforts of both Chaimowitz and her counsel to raise pertinent issues in her defense, we cannot conclude that the court plainly deprived Chaimowitz of her right to allocute. On several occasions, the court addressed Chaimowitz personally and invited her to address her sentence. Chaimowitz cites several cases to suggest that she was deprived a meaningful opportunity to allocute on her own behalf, but we find these cases distinguishable. The court did not expressly limit the topics on which Chaimowitz could speak. Nor did the court's comments have an apparent chilling effect on Chaimowitz's allocution. Rather, the record demonstrates that, despite the court's interjections and commentary, Chaimowitz addressed mitigating factors beyond those prompted by the court's questions, and she was provided an opportunity to raise

4

issues she found relevant when speaking personally to the court. Thus, this claim entitles Chaimowitz to no relief.

Chaimowitz next argues that the district court plainly procedurally erred by failing to adequately articulate the basis for its chosen sentence. In explaining a sentence, the district court is not required to "robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (quotation marks omitted). However, the court must conduct an "individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." United States v. Lynn, 592 F.3d 572, 584 (4th Cir. 2010) (quotation marks omitted). Where the defendant or prosecutor presents "nonfrivolous reasons" for imposing a different sentence, "a district judge should address the party's arguments and explain why he has rejected those arguments." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quotation marks omitted). The district court must provide sufficient explanation to demonstrate that it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). Such explanation is necessary to "promote the perception of fair

5

sentencing" and to permit "meaningful appellate review." Gall v. United States, 552 U.S. 38, 50 (2007).

In imposing a revocation sentence, the court need not provide as detailed an explanation as that required in imposing an original sentence, but it "must provide a statement of reasons for the sentence imposed." Moulden, 478 F.3d at 657. Although "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly," United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006), Supreme Court precedent precludes us from relying upon our own assumptions about the court's rationale in imposing a sentence. "Rather, 'the district judge,' not an appellate court, 'must make an individualized assessment based on the facts presented' to him." Carter, 564 F.3d at 329 (quoting Gall, 552 U.S. at 49-50).

In its brief, the Government provides a detailed post hoc explanation of the court's sentence, which expands significantly on the court's statements during the sentencing hearing and draws conclusions not clearly evident from comments the court actually made. While the court's statements during the hearing did provide some context for its decisionmaking, we conclude these statements were plainly inadequate to demonstrate its meaningful consideration of the nonfrivolous sentencing

6

arguments raised by Chaimowitz and her counsel. When coupled with the court's demonstrated hostility to Chaimowitz's allocution and to counsel's arguments regarding a disputed violation, the record provides room to question whether the court actually considered the arguments Chaimowitz and her counsel presented in mitigation before it imposed the statutory maximum term of imprisonment. We find the court's limited statements, made before counsel's detailed arguments in support of leniency, plainly insufficient to "allow for meaningful appellate review" or to "promote the perception of fair sentencing." Gall, 552 U.S. at 50. Moreover, the Government does not allege or establish that any such error was harmless.[*]

Accordingly, we vacate the district court's judgment and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*] Because we agree that Chaimowitz's sentence was plainly procedurally unreasonable, we need not address her argument that the sentence was substantively so. Id. at 51.

7