DAVIS, Senior Circuit Judge,
concurring:
I am pleased to join in full Judge Gregory’s opinion. I offer a few words of encouragement to our somewhat beleaguered district court colleagues.
As a former district judge myself, I am fully aware that supervised release revocation hearings are surely way down on the list of things that keep busy district judges and equally busy Assistant United States Attorneys up at night. Indeed, supervised release revocation hearings generally mean far more to the dedicated and equally busy Probation Officers who, as one once told me, view revocation hearings as “failures.” This is because they work with great dedication and attention to help their supervisees stay on a rehabilitative path. Reappearance before the judge signals something of a lost cause.
No doubt it has struck some district judges as seemingly peculiar that we have reversed, vacated, and remanded a surfeit of these cases in the last few years. See United States v. Doswell, 670 F.3d 526 (4th Cir.2012); United States v. Woods, — Fed.Appx. -, 2014 WL 1146975 (4th Cir.2014); United States v. Banks, 542 Fed.Appx. 218 (4th Cir.2013); see also, e.g., United States v. Thompson, 595 F.3d 544 (4th Cir.2010); United States v. Pegram, 554 Fed.Appx. 238, 2014 WL 572348 (4th Cir.2014); United States v. Chaimowitz, 554 Fed.Appx. 135, 2014 WL 448443 (4th Cir.2014); United States v. Waller, 548 Fed.Appx. 917 (4th Cir.2013); United States v. Stallins, 521 Fed.Appx. 104 (4th Cir.2013); United States v. Cazeau, 518 Fed.Appx. 139 (4th Cir.2013); United States v. Fisher, 514 Fed.Appx. 324 (4th Cir.2013); United States v. Pate, 503 Fed.Appx. 216 (4th Cir.2013); United States v. Conner, 495 Fed.Appx. 367 (4th Cir.2012); United States v. Redwine, 488 Fed.Appx. *621 727 (4th Cir.2012); United States v. Brooks, 472 Fed.Appx. 236 (4th Cir.2012); United States v. Conyers, 469 Fed.Appx. 152 (4th Cir.2012); United States v. Carter, 468 Fed.Appx. 351 (4th Cir.2012); United States v. Summers, 448 Fed.Appx. 337 (4th Cir.2011); United States v. Tossie, 442 Fed.Appx. 844 (4th Cir.2011); United States v. Rumbo-Bustos, 392 Fed.Appx. 221 (4th Cir.2010); United States v. Ford, 384 Fed.Appx. 274 (4th Cir.2010); United States v. Martinez, 383 Fed.Appx. 363 (4th Cir.2010); United States v. Johnson, 380 Fed.Appx. 265 (4th Cir.2010); United States v. Caste-Lopez, 379 Fed.Appx. 286 (4th Cir.2010); United States v. Tolbert, 373 Fed.Appx. 363 (4th Cir.2010); United States v. Sosa-Sauceda, 260 Fed.Appx. 589 (4th Cir.2008). After all, an offender who has committed acts or omissions that involve an “inherent breach of trust”, as a violation of supervised release is characterized, United States v. Moulden, 478 F.3d 652, 655 (4th Cir.2007), surely has “it” coming to him or her, and the sooner the better if the sanction is to have any beneficial effect.
But there are good and sufficient reasons for the scrutiny we give to supervised release revocation cases.
First, as the majority opinion in this very case shows, these are high stakes proceedings, proceedings that take on the character of serious criminal prosecutions. The rights guaranteed to defendants in actual criminal prosecutions do not apply with their customary force, of course, but a forty-two month sentence on an offender whose principal sin is an inability to defeat his addiction to marijuana (and the related wrongfulness of selling small amounts of the drug), such as the one imposed here by the district court on Jori Ferguson, is serious business. The Federal Rules of Criminal Procedure set forth the minimal standards of process to which such offenders are entitled; they are not onerous burdens on prosecutors and judges. There are few “P’s to dot and few “T”s to cross; accordingly, “I”s should be dotted and “T”s crossed if only for the sole reason that it is so very simple to do.
Second, and beyond the weighty considerations mentioned above, there is the additional consideration that we published our opinion in United States v. Doswell, 670 F.3d 526 (4th Cir.2012), more than one year before the revocation hearing in this case was held. Doswell is virtually on all fours with this case. We think it is a good idea if even busy Assistant United States Attorneys read our published opinions and prepare their cases accordingly. This case is a useful reminder of that truism; for prosecutors, neither failure nor inattention to the simple rules of the road should be an option.